**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL SAMILLO,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:05-CV-1705** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **DANIEL S. KELLY and** | : | |
| **STEVE BEARD** | : | |
| **Defendants** | : | |

**MEMORANDUM**

On January 11, 2003, Daniel Samilo[1] was arrested on three counts of armed robbery.  On

December 18, 2003, after a three-day criminal trial in Pennsylvania state court, a jury acquitted

Samilo on each count.  Before his acquittal, Samilo spent over eleven months in prison.  He then

filed suit in this Court against the arresting officers, Defendants Daniel Kelly and Steve Beard,

alleging that he was deprived of his rights under the First, Fourth, and Fourteenth Amendments.

Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56

on grounds of qualified immunity.  (Doc. No. 21.)  The parties have briefed the motion, and it is

ripe for disposition.  For the following reasons, the Court will grant Defendants' motion.

**I.     BACKGROUND**

    **A.     Factual Background**

At 11:13 a.m. on Monday, August 12, 2002, an armed robbery occurred at the M&T Bank

located at 1661 East Chocolate Avenue in Hershey, Pennsylvania.  A few weeks later, at 10:30

a.m. on Wednesday, October 30, 2002, another armed robbery occurred at the same M&T Bank

location.  In both cases, the suspect fled the scene in a Jeep Grand Cherokee.  At 1:20 p.m. on

---

[1] The caption identifies Plaintiff as "Samillo," but throughout the pleadings and in the exhibits submitted by the parties, Plaintiff is referred to as "Samilo."  The Court will use the latter spelling.

Thursday, January 9, 2003, a third armed robbery occurred, this time at the Fulton Bank located at 1212 Cocoa Avenue in Hershey.  In each case, the banks' security cameras captured images of the robberies, and the Derry Township Police initiated investigations into the robberies.

On the night of January 9, 2003, the Derry Township Police issued a news release describing the suspect as "a White male in his fifties, approximately 5'7" tall and 180 pounds." (Defs' Ex. 15.)  The news release included the still images from banks' cameras and offered a reward of up to $7,000 for information leading to the arrest or conviction of the suspect.  (Id.) Local TV stations broadcasted the story that evening.

The next morning, Jim Brandt called the Derry Township Police Department to report that he believed he could identify the suspect in the news release.  Brandt, who worked as a Fleet Manager at Warner Motors in Hummelstown, Pennsylvania, communicated his belief that the suspect was Daniel Samilo, his former coworker at Warner Motors.  Brandt further stated that Dean Pugliese, General Manager at Warner Motors, saw the news story, and also believed that Samilo was the individual in the photographs.[2]

Detectives Kelly and Beard then prepared a photograph array, which included a picture of Samilo and five other individuals who fit the description of the bank robber, to show to the eyewitness tellers at the banks.  Of the four tellers to whom Defendants showed the photograph array, only one believed that she could identify the suspect, and she positively identified Samilo.

Defendants then interviewed Samilo's former wife and former mother-in-law, Kim Samilo and Nancy Schenck.  In the course of the interviews, Defendants showed each of them

---

[2] According to Pugliese's voluntary statement given on January 15, 2003, Brandt did not see the news story and called the police only at the suggestion of Pugliese that "it really looked like Samilo."  (Defs' Ex. 8.)

the images taken by the bank security cameras.  Both positively identified the individual in the

images as Daniel Samilo.  Defendants next interviewed Samilo's ex-girlfriend, Cyndi Seibert,

who also positively identified the individual in the image as Daniel Samilo.

Based on the information they gathered, Defendants prepared a criminal complaint and an

accompanying affidavit of probable cause.  (Defs' Ex. 5.)  In the affidavit of probable cause,

Defendants specified that Brandt, Kim Samilo, Schenck, and Seibert identified Samilo as the

person in the photographs.  Defendants also prepared an application for a search warrant.

District Justice James Pianka approved arrest and search warrants on January 11, 2003.  Pursuant

to the arrest warrant, Defendants arrested Samilo.

Samilo was subsequently prosecuted by the Chief Deputy of the Dauphin County District

Attorney's Office, Sean M. McCormack, on three counts of armed robbery.  After a three-day

trial, Samilo was acquitted on all three counts on December 18, 2003.

### B.  Procedural Background

On August 19, 2005, Samilo filed a § 1983 action in this Court alleging that Defendants

Beard and Kelly violated his First, Fourth, and Fourteenth Amendment rights.[3]  (Doc. No. 1.)  On

August 25, 2005, Samilo amended his complaint.  (Doc. No. 3.)  On October 19, 2005,

Defendants filed an answer with affirmative defenses to Plaintiff's complaint.  (Doc. No. 7.)

After discovery, Defendants moved for summary judgment pursuant to Federal Rule of Civil

---

[3] On February 21, 2007, the Supreme Court of the United States held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  Wallace v. Kato, No. 05-1240, slip op. at 12 (2007).  In this case, Plaintiff's federal complaint was filed more than two years after his arrest on January 11, 2003.  However, Defendants did not raise the statute of limitations as an affirmative defense to Samilo's false arrest claim and have, therefore, waived it.

Procedure 56.  (Doc. No. 21.)  The parties filed briefs, statements of material facts, and

accompanying exhibits.  (Doc. Nos. 22-29.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248-51 (1986).  When deciding a motion for summary judgment, the

Court views the facts in the light most favorable to the nonmoving party, who is "entitled to

every reasonable inference that can be drawn from the record."  Merkle v. Upper Dublin Sch.

Dist., 211 F.3d 782, 788 (3d Cir. 2000).  However, the nonmoving party may not simply sit back

and rest on the allegations in the complaint, but must "go beyond the pleadings and by her own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S.

317, 324 (1986) (internal quotations omitted).  Summary judgment should be granted where a

party "fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden at trial."  Id. at 322.

## III.    DISCUSSION

### A.     Plaintiff's false arrest, unlawful seizure, and malicious prosecution claims

In a single count, Count I, of his amended complaint, Samilo alleges that Defendants

unlawfully arrested, imprisoned,[4] and prosecuted him in violation of his Fourth and Fourteenth

Amendment rights.  Defendants argue that summary judgment should be entered in their favor on

Count I because they are entitled to the privilege of qualified immunity.

A plaintiff can maintain a cause of action under 42 U.S.C. § 1983 against person who,

acting under color of state law, deprived the plaintiff of federal rights, privileges, or immunities.

42 U.S.C. § 1983.  Samilo alleges that Defendants violated his federal right to be "free from

arrest except on probable cause" guaranteed by the Fourth Amendment.  Orsatti v. New Jersey

State Police, 71 F.3d 480, 483 (3d Cir. 1995).

Under certain circumstances, individual officers sued under § 1983 enjoy the privilege of

qualified immunity and are relieved of the obligation to face trial.  Saucier v. Katz, 533 U.S. 194,

200-01 (2001); Harlow v. Fitzgerald, 457 U.S. 800 (1982).  To determine whether an individual

officer is entitled to qualified immunity, the Court must first consider "whether the facts alleged

show that the defendant's conduct violated a constitutional or statutory right."  Williams v.

Bitner, 455 F.3d 186, 190 (3d Cir. 2006).  Then, the Court must then decide "whether the

constitutional or statutory right allegedly violated by the defendant was 'clearly established.'" Id.

In the context of false arrest claims, the Third Circuit has found that "there is no question

that . . .  the right to be free from arrest except on probable cause [is] clearly established."

Orsatti, 71 F.3d at 483.  But where an officer applies for an arrest warrant, he enjoys qualified

---

[4] Plaintiff's amended complaint indicates that he has a "right under the First Amendment not to be falsely imprisoned."  (Am. Comp. ¶ 8.)  The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."  U.S. Const. amend. I. Plaintiff does not specify how the actions complained of here violate his First Amendment rights.

immunity "unless the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344 (1986).

Probable cause exists when "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005). Probable cause does not require certainty; it requires "a belief of guilt that is reasonable." Id. The inquiry turns on whether "it was objectively reasonable for the officers to conclude that they had sufficient information to believe that [Samilo] had committed the crime of [robbery]." Orsatti, 71 F.3d at 484. Summary judgment is appropriate if there is "[in]sufficient evidence whereby a jury could reasonably find that the police officers did not have probable cause to arrest." Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

Defendants claim, and the Court agrees, that the affidavit attached to the criminal complaint plainly establishes probable cause. In the affidavit, Defendants identified the circumstances surrounding each robbery, including the exact locations, times, and suspect's methods. Defendants asserted that they had obtained still photographs in each of the robberies, and had released those photographs to local media outlets. Finally, the affidavit includes Defendants' statements that four witnesses positively identified Samilo as the robber in the bank photos: Brandt, his former co-worker; Samilo, his former spouse; Schenk, his former mother-in-law; and Seibert, his ex-girlfriend. On its face, therefore, the affidavit of probable cause plainly supports a conclusion that the officers had a reasonable belief of Samilo's guilt.

Samilo disagrees. His theory, in essence, is that Defendants did not pursue potential leads

or attempt to discount certain testimony.[5]  According to Samilo, Defendants relied upon

statements from individuals with biases against him, and those statements were insufficient to

establish probable cause:

> The five individuals that the Defendants got statements from, Brandt, Pugliese, Kim Samillo [sic], Nancy Schenk and Cindi Seibert were all biased against the Plaintiff.  Of these individuals, none of them could actually state with one-hundred percent certainty that the Plaintiff was the person in the photographs developed from the videotape.  Additionally, of the four witnesses from the bank robberies, only one of them, Heilman, picked the Plaintiff out of the photo array, and she was only able to state that the Plaintiff looked the most like the bank robber and not that he was the bank robber.  Defendant Beard admitted that at the time that he arrested the Plaintiff he did not know if the Plaintiff had an airtight alibi for the time of the robberies.

(Pl's Br. in Opp'n 11.)  Plaintiff contends that Defendants lacked absolute certainty that Samilo

was the robbery suspect.  Detectives are "not required to undertake an exhaustive investigation in

order to validate the probable cause that, in [their minds], already existed."  Merkle v. Upper

Dublin School Dist., 211 F.3d 782, 790 n.8 (3d Cir. 2000).  Even if Defendants' investigation left

something to be desired, qualified immunity entitles police officers "to a certain amount of

deference for decisions they make in the field."  Gilles v. Davis, 427 F.3d 197, 207 (3d Cir.

2001).

     In this case, Samilo was identified by four individuals who knew him.  Even had

Defendants fairly doubted the motivation of any of the witnesses individually, when the

investigation is considered as a whole, the Court finds that Defendants' conclusion that probable

---

[5] Samilo does not allege that Defendants made false statements or omitted material information in their affidavit in support for a warrant.  See Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000).

cause existed to believe that Mr. Samilo committed the crime of robbery was objectively

reasonable.[6]  Thus, Defendants are entitled to the privilege of qualified immunity on Plaintiff's

false-arrest claim.

Furthermore, because probable cause existed at the time Defendants arrested Samilo,

Defendants are also entitled to qualified immunity on Plaintiff's unlawful seizure and malicious

prosecution claims.  Johnson v. Knorr, Nos. 05-5029 & 05-5139, --- F.3d ---, 2007 U.S. App.

LEXIS 3242, at *16 (3d Cir. Feb. 14, 2007); Wright, 409 F.3d at 604.  Therefore, the Court will

grant summary judgment in favor of Defendants on Count I.

> **B.      Plaintiff's false light, invasion of privacy, and defamation claims**

In Count II of the amended complaint, Plaintiff alleges that Defendants defamed him by

holding "Plaintiff out to the public as a criminal and a bank robber," and accusing him of "being

the criminal who performed three bank robberies and was identified in the newspapers, television

and on the radio as such."  (Am. Compl. ¶¶ 32-33.)

A district court may decline to exercise supplemental jurisdiction over state-law tort

claims if the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.

§ 1367(c).  Because Defendants are entitled to summary judgment on Count I of the amended

complaint, the Court will exercise its discretion to decline jurisdiction over Count II.

Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion for summary

---

[6] This conclusion is further bolstered by the fact that Sean McCormack, Chief Deputy
with the Dauphin County District Attorney's Office, made an independent determination that
Defendants had probable cause to arrest Mr. Samilo.  (Defs' App. Ex. 12.)

judgment on Count I of Plaintiff's amended complaint and will dismiss Count II without

prejudice.   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL SAMILLO,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:05-CV-1705** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **DANIEL S. KELLY and** | : | |
| **STEVE BEARD** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 18th day of April, 2007, upon due consideration of the parties' arguments and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motion for summary judgment (Doc. No. 21) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendants on Count I.  **IT IS FURTHER ORDERED THAT** Count II of Plaintiff's amended complaint is **DISMISSED** without prejudice.  The Clerk shall close the file.

\_\_s/ Yvette Kane_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania